**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Artico Cold Storage Chicago LLC**, | Bankruptcy No. 24-04371 |
| Debtor. | Honorable Deborah L. Thorne |

**NOTICE OF EMERGENCY MOTION**
**FOR ENTRY OF AGREED CASH COLLATERAL ORDER**

**Please take notice** that on March 27, 2024 **at 1:30 p.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID is 160 9362 1728 and NO PASSCODE IS REQUIRED. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.

—2—

| | |
|---|---|
| Dated: March 26, 2024 | **Artico Cold Storage Chicago LLC** |
| | By: /s/ William J. Factor |
| | One of Its Proposed Attorneys |

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Lars A. Peterson (6293551)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jpaulsen@wfactorlaw.com
       lpeterson@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that on March 26, 2024, pursuant to Section II.B.4 of the Administrative Procedures for the CM/ECF System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Emergency Motion* and attached *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List and by the designated method on all other persons identified on the following Service List.

/s/ William J. Factor

## SERVICE LIST

**Registrants**
(Service via ECF)

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

**Non-Registrants**
(Service as identified below)

| De Lage Landen Financial Services Inc. <br> 1111 Old Eagle School Rd. <br> Wayne, PA 19087 <br> Email: info.us@dllgroup.com; <br> contactus@dllgoup.com <br> Fax: 866-490-0979 <br> *Service via facsimile* | Crown Equipment Corporation <br> 44 S. Washington St. <br> New Bremen, OH 45869 <br> Fax: 419-629-2900 <br> *Service via facsimile* |
|---|---|

| | |
|---|---|
| Wintrust Bank, N.A.<br>231 S. LaSalle St., 2d Floor<br>Chicago, IL 60604<br>c/o Gary Segal<br>Email: gsegal@dykema.com<br>Fax: 312-876-1155<br>*Service via facsimile* | Wintrust Equipment Finance<br>9700 W. Higgins Rd., Suite 1015<br>Rosemont, IL 60018<br>c/o Gary Segal<br>Email: gsegal@dykema.com<br>Fax: 312-876-1155<br>*Service via facsimile* |
| Gary Segal<br>Dykema<br>10 S. Wacker Dr., Suite 2300<br>Chicago, IL 60606<br>Email: gsegal@dykema.com<br>Fax: 312-876-1155<br>*Service via facsimile* | Ascension Logistics<br>20935 Swenson Drive, Suite 350<br>Waukesha, WI 53186<br>nellahi@ascensionlogistics.com<br>*Service via email* |
| Atlas Employment Services, Inc.<br>1660 W. 47th St.<br>Chicago, IL 60609<br>jeffk@atlasemployment.com<br>Fax: 847-601-2553<br>*Service via facsimile* | Bimbo Bakeries USA, Inc.<br>7301 South Freeway<br>Fort Worth, TX 76134<br>Lorne.brown@grupobimbo.com<br>Fax: 855-331-3136<br>*Service via facsimile* |
| Blue Yonder, Inc.<br>PO Box 841983<br>Dallas, TX 75284-1983<br>Sabryna.clark@blueyonder.com<br>*Service via email* | Concurrent Labs, LLC<br>PO Box 168<br>Lavonia, GA 30553<br>isaac@getconcurrent.com<br>*Service via email* |
| D&H Refrigeration, Inc.<br>15811 Annico Drive, Unit 2 & 3<br>Homer Glen, IL 60491<br>Fax: 708-301-7336<br>*Service via facsimile* | Dandee Pallet & Packaging, Inc.<br>1605 Crowfoot Cir. S.<br>Hoffman Estates, IL 60169<br>Fax: 888-398-3043<br>*Service via facsimile* |
| DYNEGY<br>27679 Network Place<br>Chicago, IL 60673<br>DESBusinesscare@dynegy.com<br>Fax: 866-257-1795<br>*Service via facsimile* | Impact Networking, LLC<br>PO Box 87635<br>Carol Stream, IL 60188-7635<br>gruggie@impactnetworking.com<br>*Service via email* |
| Karis Cold (KCS Icebox)<br>10 N. Martingale, Suite 450<br>Schaumburg, IL 60173<br>kverne@kariscold.com<br>*Service via email* | Local 781 H&W Fund<br>135 S. LaSalle, Dept. 1893<br>Chicago, IL 60674<br>Fax: 847-824-0781<br>*Service via facsimile* |

| | |
|---|---|
| Longbow Advantage USA, Inc.<br>555 Briarwood Cr., Suite 118<br>Ann Arbor, MI 48108<br>ruhlenkamp@longbowadvantage.com<br>*Service via email* | Maynor's Transport, Inc.<br>7641 Lockport Ave.<br>Burbank, IL 60459<br>Fax: 708-952-0233<br>*Service via facsimile* |
| MidAmerican Energy Services, LLC<br>PO Box 8019<br>Davenport, IA 52808-8019<br>treasury@midamericanenergyservices.com<br>Fax: 563-336-3568<br>*Service via facsimile* | Miller Cooper & Co., Ltd.<br>PO Box 6781<br>Carol Stream, IL 60197<br>Fax: 847-205-1400<br>*Service via facsimile* |
| Roadrunner Recycling, Inc.<br>PO Box 6011<br>Hermitage, PA 16148<br>jolander@roadrunnerwm.com<br>service@roadrunnerwm.com<br>*Service via email* | Ron's Staffing Services, Inc.<br>666 Dundee Road, Suite 103<br>Northbrook, IL 60062<br>msukowski@ronsstaffing.com<br>Fax: 773-847-4199<br>*Service via facsimile* |
| Star Leasing<br>PO Box 76100<br>Cleveland, OH 44101-4755<br>Gwen.royal@starleasing.com<br>Fax: 614-340-2948<br>*Service via facsimile* | Taft Stettinius & Hollister LLP<br>One Indiana Square<br>Indianapolis, IN 46204<br>Fax: 312-527-4011<br>*Service via facsimile* |
| Zanovoy, LLC<br>173 Hugeunot St., Suite 200<br>New Rochelle, NY 10801<br>jjackson@zanovoy.com<br>*Service via email* | |

4891-3711-5819, v. 2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Artico Cold Storage Chicago LLC**, | Bankruptcy No. 24-04371 |
| Debtor. | Honorable Deborah L. Thorne |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF**
**AGREED ORDER AUTHORIZING USE OF CASH**
**COLLATERAL ON AN INTERIM BASIS**

Artico Cold Storage Chicago LLC (as debtor and debtor in possession in the captioned Subchapter V proceeding, the "Debtor"), by and through its undersigned counsel, and pursuant to agreement with Wintrust Bank, N.A., (the "Lender"), hereby moves this Court on an emergency basis for interim authorization to use cash collateral and, in connection therewith, requests that the Court enter the Agreed Interim Order Authorizing Debtor to Use Cash Collateral on an Emergency Basis Pending Final Hearing filed herewith (the "Agreed Order")n and in accordance with the Budget appended hereto. In support of this Agreed Motion, the Debtor states as follows:

### I. BACKGROUND

**A. The Debtor and its finances.**

1. The Debtor is one of Chicago's premier, full-service public refrigerated warehouses. It offers local/regional transportation solutions. Strategically located in an approximately 220,000 square foot building in Chicago's Stock Yards

Industrial Park, the Debtor offers a variety of services and employs the latest technology to meet customer demands and increase accountability in the cold chain.

2. The Debtor has been in operation since April 2022, after acquiring a 60-year-old operation. In May 2023, the Debtor transitioned to a new warehouse management system, which did not operate as expected. The transition disrupted operations, resulting in shipping delays and errors and eventually the loss of several customers. The Debtor estimates revenues declined by approximately 60% during this period.

3. Since then, the Debtor has been diligently working to recover and restore business operations. Although that recovery has been slower than hoped, the Debtor has made major strides, increasing its revenue and profitability. As part of its restructuring efforts, the Debtor has determined that seeking relief under Subchapter V of the Bankruptcy Code will enable it to address the debts that accumulated as a result of last year's sharp decline in revenue. The Debtor has made the Subchapter V election and will pursue a reorganization plan.

**B. The claimants with a possible interest in cash collateral.**

4. There are several entities who may assert they hold liens on the Debtor's property. The Debtor believes that Wintrust Bank is the only entity that can assert an interest in cash collateral, as a result of the liens it holds on substantially all of the Debtor's property. In approximate order of priority, the entities that may assert liens on the Debtor's property (the "Claimants") are:

—2—

1. *Wintrust Bank, N.A..("Wintrust")*.  The Debtor is the borrower and Wintrust is the lender (the "Lender") under that certain Loan and Security Agreement dated as of May 17, 2022 (as amended, restated, supplemented or otherwise modified from time to time, the "Wintrust Loan Agreement"), pursuant to which Lender made certain loans to the Debtor, including a revolving line of credit and a term loan.  In connection with the Wintrust Loan Agreement, the Debtor granted Wintrust a lien on substantially all its assets to secure the amounts the Debtor owes to Lender (the (the "Wintrust Loan").  Lender filed a UCC-1 Financing Statement to perfect its liens on the Debtor's assets.  The Debtor believes the balance due on the Wintrust Loan is $1,873,596.55.

2. *Wintrust Equipment Finance, A Division of Wintrust Asset Finance ("Wintrust Equipment Finance")*.  Wintrust Equipment Finance and the Debtor entered into a master lease agreement pursuant to which the Debtor leased certain equipment from Wintrust Equipment Finance.  Wintrust Equipment Finance filed a precautionary UCC-1.  The Debtor believes the total outstanding on this obligation is approximately $211,586.39.

3. *Crown Equipment Corporation ("Crown")*.  Pursuant to a recorded UCC Financing Statement, Crown may hold a perfected lien on all equipment leased by the Debtor from Crown, and all proceeds thereof.  Such equipment includes forklifts.  The Debtor believes the total outstanding on this obligation is approximately $1692,203.98.

4. *De Lage Landen Financial Services, Inc. ("De Lage Landen")*.  Pursuant to a recorded UCC Financing Statement, De Lage Landen may hold a perfected lien on all equipment leased or financed pursuant to a certain contract, and all proceeds thereof. Such equipment includes printers and related items. The Debtor believes the total outstanding on this obligation is approximately $255,014.73.

4891-3711-5819, v. 2

## II. DISCUSSION.

### A. The Debtor should be authorized to use cash collateral.

5. A debtor in possession may not use cash collateral (that is, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest") unless either (a) each entity that has an interest in the cash collateral consents or (b) the court authorizes the use. 11 U.S.C. § 363(a), (c)(2).

6. At the request of an entity that has an interest in the cash collateral, a court "shall prohibit or condition such use … as is necessary to provide adequate protection of such interest." Id. § 363(e). To the extent that the debtor's use of cash collateral results in a decrease of the value of an entity's interest in the property, the debtor may provide adequate protection of the entity's interest by (a) making cash payments, (b) granting additional or replacement liens, or (c) otherwise providing the entity with the "indubitable equivalent" of its interest. Id. § 361.

7. "Adequate protection is a means of preserving a creditor's interest in secured collateral subject to post-petition use by the debtor." *In re Carpet Ctr. Leasing Co.*, 991 F.2d 682, 686 (11th Cir. 1993). What constitutes adequate protection is determined on a case-by-case basis. See *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396–97 (10th Cir. 1987); *In re Martin, 761 F.2d 472* (8th Cir. 1985).

8. Adequate protection is necessary only to the extent the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in

—4—

such property." 11 U.S.C. §§ 361, 363(e); see *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365,370-73 (1988) (the value of "such entity's interest in such property" is "the value of the collateral" securing the claim).

9. Courts generally conclude that no additional form of adequate protection is needed if a debtor is seeking to use cash collateral to operate and to preserve its property. Additional protection is not needed in such instances because the use of cash enhances and does not deplete the value of a secured creditor's interests. See, e.g., *In re Constable Plaza Assocs.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (debtor's plowing back of rents "solely for the purpose of maintaining and operating its office building will serve to preserve or enhance the value of the building which, in turn, will protect the collateral covered by [the] mortgage"); *Dacon Bolingbrook Assocs.*, 153 B.R. at 209 (same).

10. In this case, the Debtor will use cash to operate its business and to preserve the going concern value of that business. The Debtor will pay only critical expenses under its first Budget but it will continue to receive payments from its customers, so the value of the Claimants' interests, if any, in the cash collateral will not decline.

11. But even if the Claimants were entitled to some form of adequate protection in this case, such protection is provided in the proposed interim cash collateral order, which provides for replacement liens on the same form and type of collateral securing the Claimants' claims as of the Petition Date. A replacement lien is widely considered adequate protection. See 11 U.S.C. § 361(2).

—5—

**B. The Debtor should be authorized to use cash collateral on an interim basis.**

12. Within the first 14 days of a chapter 11 case, the court may authorize use of cash collateral after a preliminary hearing in an amount necessary to avoid immediate and irreparable harm to the estate. Fed. R. Bankr. P. 4001(b)(2).

13. If the Debtor is not able to use cash collateral immediately as shown on the Budget, it will be unable to pay employees, purchase supplies, or cover other expenses necessary to continue operations and avoid disruptions. In such a situation, otherwise ensured revenues would be lost, and the Debtor would be forced to shut down. The Court should therefore conduct a preliminary hearing and authorize the Debtor to use cash collateral as set forth in the attached Budget pending a final hearing on this motion.

**C. Statement pursuant to Local Rule 4001-2.**

14. Pursuant to Local Rule 4001-2(A)(2), the proposed order provides that "the Debtor agrees that there shall be no surcharge of the Aggregate Collateral pursuant to § 506(c) of the Bankruptcy Code for any purpose unless agreed to by the Lender."

### III. NOTICE.

15. Notice of this motion has been provided to: (a) the Claimants, (b) the U.S. Trustee, (c) the 20 largest creditors, and (d) all other persons receiving notices through the ECF system (the "*Notice*"). The Debtor respectfully requests that such

notice be deemed adequate and that the Court find that no other or further notice is necessary.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize it to use cash collateral and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 26, 2024 | **Artico Cold Storage Chicago LLC** |
| | By: /s/ Willliam J. Factor<br>One of Its Proposed Attorneys |

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
Lars A. Peterson (6293551)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jpaulsen@wfactorlaw.com
       lpeterson@wfactorlaw.com

—7—

**Artico Cold Storage Chicago LLC**
**Cash Flow Budget**

As of March 22, 2024

| | Wk Ending | 1 Budget 03/24/24 | 2 Budget 03/31/24 | 3 Budget 04/07/24 | 4 Budget 04/14/24 | 5 Budget 04/21/24 | 6 Budget 04/28/24 | Budget Total |
|---|---|---|---|---|---|---|---|---|
| **CASH RECEIPTS:** | | | | | | | | |
| Trade Receivables | | 140,000 | 251,260 | 280,582 | 275,000 | 240,000 | 261,993 | 1,448,835 |
| Other | | 250,000 | - | 250,000 | - | - | - | 500,000 |
| Total Cash Receipts | | 390,000 | 251,260 | 530,582 | 275,000 | 240,000 | 261,993 | 1,948,835 |
| **CASH DISBURSEMENTS:** | | | | | | | | |
| **Payroll and Benefits** | | | | | | | | |
| Payroll - Weekly (Gross) | | 78,140 | 98,022 | 98,022 | 98,022 | 98,022 | 98,022 | 568,249 |
| H&W Benefits | | - | 3,017 | - | 52,034 | - | - | 55,051 |
| Health Insurance | | 6,408 | 25,266 | 764 | - | 35,837 | - | 68,275 |
| Total Payroll & Payroll Taxes | | 84,548 | 126,305 | 98,786 | 150,056 | 133,859 | 98,022 | 691,576 |
| **Operating expenses** | | | | | | | | |
| Rent | | - | - | 257,671 | - | - | - | 257,671 |
| Transportation | | 16,380 | 36,117 | 51,548 | 51,125 | 42,539 | 45,177 | 242,885 |
| Staffing Labor | | 8,378 | 13,761 | 13,045 | 14,060 | 16,648 | 13,144 | 79,036 |
| Supplies | | - | 7,731 | 10,901 | 22,716 | 9,075 | 15,894 | 66,317 |
| IT Expense | | 14,600 | 23,652 | 68,485 | 125,004 | 934 | - | 232,675 |
| Other SG&A | | 2,537 | 4,212 | 6,040 | 4,437 | 4,026 | 4,310 | 25,563 |
| Professional Fees | | 9,550 | 48,865 | 865 | 3,865 | 3,865 | 36,865 | 103,877 |
| Building expense | | 9,793 | 9,859 | 5,833 | 8,576 | 10,460 | 20,316 | 64,837 |
| Insurance - Other | | 4,098 | - | - | 100,000 | - | - | 104,098 |
| Utilities - Electricity | | - | - | 1,588 | 39,526 | 256 | - | 41,370 |
| Utilities - Gas/Water | | - | 11,891 | - | 4,618 | - | 4,675 | 21,184 |
| Operating leases - Trailers | | 23,145 | - | - | - | 25,000 | - | 48,145 |
| Operating leases - Forklifts | | 15,849 | - | 2,815 | 604 | 3,491 | - | 22,758 |
| Change in Float | | - | - | - | - | - | - | - |
| Total Operating Expenses | | 104,330 | 156,087 | 418,790 | 374,531 | 116,293 | 140,382 | 1,310,415 |
| **Debt** | | | | | | | | |
| Revolving Line of Credit Interest | | - | 9,014 | - | - | - | 11,594 | 20,608 |
| Term Debt - Principal and Int | | - | - | 20,787 | - | - | - | 20,787 |
| Total Debt Service | | - | 9,014 | 20,787 | - | - | 11,594 | 41,396 |
| Total Cash Disbursements | | 188,878 | 291,407 | 538,364 | 524,587 | 250,153 | 249,998 | 2,043,386 |
| **NET CASH FLOW** | | 201,122 | (40,147) | (7,782) | (249,587) | (10,153) | 11,995 | (94,551) |
| **CUMULATIVE CASH FLOW** | | 201,122 | 160,975 | 153,193 | (96,394) | (106,547) | (94,551) | |
| Revolving Line of Credit Borrowings (Payments) | | - | 209,730 | 50,000 | 50,000 | 50,000 | 50,000 | |
| **Available Cash** | | 323,074 | 492,657 | 534,876 | 335,288 | 375,136 | 437,131 | |
| **Availability on Line of Credit** | | 230,922 | 73,225 | 71,155 | 74,634 | 71,303 | 55,567 | |
| **MAXIMUM AVAILABLE CASH** | | 553,997 | 565,882 | 606,031 | 409,922 | 446,438 | 492,698 | |